ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
International Automotriz ) ASBCA No. 59665
)
Under Contract No. W912QM-13-P-0075 )

APPEARANCE FOR THE APPELLANT:      Sra. Doris Elizabeth L. Sibrian
                                   Owner

APPEARANCES FOR THE GOVERNMENT:    Raymond M. Saunders, Esq.
                                    Army Chief Trial Attorney
                                   Kyle E. Chadwick, Esq.
                                    Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE NEWSOM ON
APPELLANT'S MOTION FOR RECONSIDERATION

Appellant, International Automotriz, filed a timely motion for reconsideration of the Board's 16 November 2015 decision denying the appeal. The government has submitted a response. For the reasons that follow, we deny the motion for reconsideration.

International Automotriz had been awarded a contract to supply rental vehicles, which were damaged while in the Army's possession. The government paid an amount to cover the repair costs plus some funds for lost rental income, but International Automotriz sought more. The Board denied the appeal because International Automotriz failed to prove that it is entitled to additional amounts under any of the potentially-applicable legal standards.

In evaluating a motion to reconsider, an examination is performed into whether the motion is based upon newly discovered evidence, mistakes in the findings of fact, or errors of law. "Reconsideration is not intended to provide a party with the opportunity to reargue its position." *Robinson Quality Constructors*, ASBCA No. 55784, 09-2 BCA ¶ 34,171 at 168,911.

International Automotriz advances many criticisms of the Board's decision, but none of its arguments constitutes newly discovered evidence or errors of law. It disagrees with the Board's factual finding regarding the date upon which the government made payment to appellant (app. mot. at 3, ¶ 17). The Board's finding, however, was supported by a bank record that was introduced by

appellant (app. supp. R4, tab 20), and in any event the exact payment date is immaterial to the Board's overall holding that International Automotriz did not prove its damages. *International Automotriz*, ASBCA No. 59665, 15-1 BCA ¶ 36,174 at 176,514. International Automotriz also disagrees with the Board's conclusion that the soldiers who rented the vehicles lacked authority to commit the government to appellant's rental agreement (app. mot. at 1, ¶ 6). The Board's conclusion was based upon controlling precedent in *Trauma Serv. Group v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997), and appellant's argument does not refute the overall holding that appellant's rental agreement would not have entitled appellant to damages beyond what has already been paid. *International* Automotriz, 15-1 BCA ¶ 36,174 at 176,513-14.

The remainder of International Automotriz's motion re-asserts arguments it made previously. Those arguments are no more persuasive now than they were prior to the Board's decision. Accordingly, the motion is denied.

Finally, in its response to the motion for reconsideration, the government requests that the Board decide that the common law of bailment does not apply to this appeal (gov't br. at 1). The Board declined to do so because it was unnecessary to the result. As is explained in the decision (15-1 BCA ¶ 36,174 at 176,513), International Automotriz failed to prove damages under any of the potentially-applicable legal standards.

Dated: 4 February 2016

ELIZABETH W. NEWSOM
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

2

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59665, Appeal of International Automotriz, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals